UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JILLIAN BORLAND                                    Case No. 16-11392

              Plaintiff,                           Thomas L. Ludington
v.                                                 United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                   Stephanie Dawkins Davis
                                                   United States Magistrate Judge
              Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 15, 19)**

## I.    PROCEDURAL HISTORY

###      A.    Proceedings in this Court

On April 18, 2016, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  This

case was referred to the undersigned Magistrate for all pretrial purposes by

District Judge Thomas L. Ludington.  (Dkt. 4).  This matter is before the Court on

cross-motions for summary judgment.  (Dkt. 15, 19).

###      B.    Administrative Proceedings

Plaintiff filed the instant claims for a period of disability, disability

insurance benefits, and supplemental security income  on January 4, 2013, alleging

disability beginning November 7, 2012.  (Dkt. 12-2, Pg ID 50).  Plaintiff's claim

was initially disapproved by the Commissioner on May 2, 2013. (*Id*.) Plaintiff requested a hearing, and on August 5, 2014 plaintiff appeared with counsel and testified before Administrative Law Judge (ALJ) Ena Weathers, who considered the case de novo. (Dkt. 12-2, Pg ID 66-94). In a decision dated September 19, 2014, the ALJ found that plaintiff was not disabled. (Dkt. 12-2, Pg ID 50-61). Plaintiff requested a review of this decision on or about October 3, 2014. (Dkt. 12-2, Pg ID 44-45). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on February 19, 2016. (Dkt. 12-2, Pg ID 36-39); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, that the findings of the Commissioner be **AFFIRMED** and this matter be **DISMISSED**.

## II.     FACTUAL BACKGROUND

### A.     ALJ Findings

Plaintiff was born in 1988 and was 24 years old at the alleged onset date of disability. (Dkt. 12-2, Pg ID 60). The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Dkt. 12-2, Pg ID 52). At

step two, the ALJ found that plaintiff's chronic cephalgia secondary to lumbar shunt dysfunction, learning disorder, and anxiety disorders were severe impairments. (Dkt. 12-2, Pg ID 53). At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 12-2, Pg ID 53-55). The ALJ determined that plaintiff had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, stoop, crouch or crawl; and requires the ability to change from seated to standing or vice versa for 1-2 minutes every 1-2 hours without interference with work product. The claimant should avoid concentrated exposure to hazards including moving machinery, commercial driving or unprotected heights. The claimant is limited to simple, routine tasks without strict production demands and no more than frequent interactions with coworkers and the general public. The claimant would need occasional reminders with the introduction of new tasks.

(Dkt. 12-2, Pg ID 55). At step four, the ALJ concluded that plaintiff had no past relevant work. (Dkt. 12-2, Pg ID 60). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. (Dkt. 12-2, Pg ID 60-61).

B.    Plaintiff's Claims of Error

Plaintiff first claims that the ALJ erred in her Step Five determination by

failing to accurately reflect all of plaintiff's limitations in the hypothetical presented to the Vocational Expert (VE). (Dkt. 15, Pg ID 533-535). According to plaintiff, this failure undermines the validity of the VE's testimony that plaintiff could perform a significant number of jobs in the national economy. Specifically, plaintiff argues that the ALJ's RFC for light work is not supported by substantial evidence of record because light work requires being able to frequently lift or carry objects weighing up to ten pounds, and to occasionally lift or carry objects up to twenty pounds, but plaintiff's treating physician unequivocally opined that plaintiff should never lift or carry anything weighing more than ten pounds.

Next, plaintiff argues that the ALJ did not properly apply the treating physician rule in evaluating the opinions of her life-long neurosurgeon, Dr. Sandeep Sood. (Dkt. 15, Pg ID 535-539). Plaintiff argues that the ALJ failed to provide the required good reasons for discounting Dr. Sood's opinions. Failure to articulate good reasons, supported by evidence in the case record and sufficiently specific to make clear to any subsequent reviewer the weight the adjudicator gave to the treater's opinion and the reasons for that weight, requires remand, plaintiff contends. Moreover, plaintiff argues that even if Dr. Sood's opinions did not warrant controlling weight, they were entitled to deference given Dr. Sood's long history with plaintiff, who has treated her chronic condition since birth.

Plaintiff also argues that the ALJ erroneously dismissed plaintiff's

credibility with a boiler-plate determination that is not sufficiently clear for a subsequent reviewer to evaluate.  (Dkt. 15, Pg ID 539-541).  Plaintiff contends that the ALJ's conclusory statement that plaintiff's testimony was not well supported by the objective medical findings in the record is an insufficient blanket statement routinely rejected by reviewing courts.  Plaintiff argues that the ALJ failed to identify evidence that contradicts or undermines plaintiff's testimony, and thus her credibility analysis is not supported by substantial evidence and warrants remand.

       C.    <u>The Commissioner's Motion for Summary Judgment</u>

The Commissioner argues that the ALJ properly weighed the treating physician's  medical source opinion evidence.  (Dkt. 19, Pg ID 559-568).  The Commissioner contends that the presumption that a treating physician's opinion is due great deference is a rebuttable one.  Courts are bound to adopt a treating physician opinion only if it is supported by sufficient clinical findings and consistent with other record evidence.  The Commissioner asserts that the procedural protections of the treating physician rule may be met by the ALJ even if her analysis attacks the opinion's supportability and consistency with other record evidence indirectly.  Moreover, even if an ALJ errs in the weight assigned to the treating physician opinion, remand is not necessary if the Commissioner has met the goal of procedurally safeguarding the reasons behind the discounting of a

treater's opinion. The Commissioner also argues that ALJs are free to discount treating doctors' opinions if they are merely conclusory statements unsupported by detailed objective criteria and documentation, and thus patently deficient.

Specifically, the Commissioner asserts that the ALJ justifiably determined that Dr. Sood's opinion was out of proportion with the objective medical evidence of record and thus entitled to limited weight. The Commissioner notes that in reaching this conclusion, the ALJ relied on plaintiff's CT scans showing stable anatomical defects in her brain, as well as treatment notes indicating significant improvement in her headaches (afer lumbar shunt revision surgery in November 2012) and the post-surgical resolution of the swelling of her optic disc. The ALJ also noted that nothing in Dr. Sood's own examination of plaintiff on the day he executed the Medical Source Statement would support the limitations assigned therein. The ALJ also relies on Dr. Sood's notation that plaintiff was currently working as a babysitter for her niece and nephew as evidence inconsistent with Dr. Sood's opinions. The Commissioner contends that these cited rationales for discounting Dr. Sood's opinions are sufficient because the ALJ is not required to provide an exhaustive, factor-by-factor analysis.

The Commissioner argues that the ALJ's RFC was supported by substantial evidence. (Dkt. 19, Pg ID 570-573). The Commissioner first contends that the RFC need not be based upon a medical opinion, and the ALJ was permitted to

discount the conclusions of the treating physician not adopted in the RFC.

Moreover, even if the ALJ was required to accept those opinions, the

Commissioner contends that there is no basis for remand here because two of the

jobs cited by the VE require no postural activities (bending, stooping, crawling,

etc.) and a sufficient number of those jobs remain with a weight restriction of ten

pounds or less.

Finally, the Commissioner argues that plaintiff failed to raise a compelling

reason to disturb the ALJ's credibility determination. (Dkt. 19, Pg ID 573-576).

The Commissioner argues that the ALJ's finding in this regard was supported by

substantial evidence. According to the Commissioner, the ALJ cited objective

medical evidence and plaintiff's testimony regarding her activities which support

her determination regarding plaintiff's credibility. The Commissioner argues that

plaintiff's credibility argument is really an invitation for the court to re-weigh the

evidence and that an ALJ's credibility findings are virtually unchallengeable in the

Sixth Circuit.

C.    Plaintiff's Reply Brief

Plaintiff responds to the Commissioner's arguments by noting that ALJ's

dismissal of Dr. Sood's opinions ignored extensive medical records supporting his

opinions. (Dkt. 20, Pg ID 581-584). Further, plaintiff argues that the

Commissioner's arguments conflate descriptions like "stable" and "improved"

with not severe or cured.  In other words, plaintiff argues that plaintiff's condition can be both stable and improved and still be disabling.  Plaintiff argues that, contrary to the Commissioner's argument, nothing about plaintiff's life-long brain disorder could be considered routine.

Plaintiff rejects the Commissioner's arguments that Dr. Sood's opinions are conclusory by noting the numerous objective tests with significant findings and an extensive history of surgical interventions which support his opinions.  Plaintiff reiterates that remand is necessary because Dr. Sood's opinions should have been controlling weight, or, at the very least, be given deference given his specialty and treatment history with plaintiff.

## III.    DISCUSSION

### A.    Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an

action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted);

*Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.

2001).  When reviewing the Commissioner's factual findings for substantial

evidence, a reviewing court must consider the evidence in the record as a whole,

including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of*

*Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of

appeals and the district court may look to any evidence in the record, regardless of

whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc.*

*Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that

either the ALJ or the reviewing court must discuss every piece of evidence in the

administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508

(6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

addressing in his written decision every piece of evidence submitted by a party.")

(internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*,

198 Fed. Appx. 521, 526 (6th Cir. 2006).

 B.  Governing Law

 The "[c]laimant bears the burden of proving his entitlement to benefits."

*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) Title II

benefits are available to qualifying wage earners who become disabled prior to the

expiration of their insured status.  F. Bloch, Federal Disability Law and Practice §

1.1 (1984).  "Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.
>
> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.
>
> Step Four:  If the claimant is able to perform his or her
> past relevant work, benefits are denied without further
> analysis.
>
> Step Five: Even if the claimant is unable to perform his

or her past relevant work, if other work exists in the
national economy that plaintiff can perform, in view of
his or her age, education, and work experience, benefits
are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

      C.     <u>Analysis and Conclusions</u>

          1.     Treating Physician Opinion

Treating-source opinions must be given controlling weight if two conditions

are met: (1) the opinion is well supported by medically acceptable clinical and

laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the

other substantial evidence in [the] case record.  *Gayheart v. Comm'r of Soc. Sec.*,

710 F.3d 365, 376 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2).  If the

Commissioner does not give a treating-source opinion controlling weight, then the

opinion is weighed based on the length, frequency, nature and extent of the

treatment relationship,  as well as the treating source's area of specialty and the

degree to which the opinion is consistent with the record as a whole and is

supported by relevant evidence.  *Gayheart*, 710 F.3d at 376; § 404.1527(c)(2)-(6).

The Commissioner is required to provide "good reasons" for discounting the

weight given to a treating-source opinion.  *Gayheart*, 710 F.3d at 376;

§ 404.1527(c)(2).  These reasons must be supported by the evidence in the case

record, and must be sufficiently specific to make clear to any subsequent reviewers

the weight the adjudicator gave to the treating source's medical opinion and the

reasons for that weight. *Gayheart*, 710 F.3d at 376; Soc. Sec. Rul. No. 96-2p, 1996

WL 374188 at *5 (Soc. Sec. Admin. July 2, 1996). This requirement is not simply a formality; it is to safeguard the claimant's procedural rights. It is intended to let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that he is not. Significantly, the requirement safeguards a reviewing court's time, as it permits meaningful and efficient review of the ALJ's application of the treating physician rule. *Gayheart*, 710 F.3d at 376 (citing *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). This circuit has made clear that it does not hesitate to remand when the Commissioner has not provided good reasons for the weight given to a treating physician's opinion. *Id.* at 380.

Moreover, even if an ALJ determines that plaintiff's treating physician's opinions should not be given controlling weight despite the medical evidence in support, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Id*. (citing *Allen v. Comm'r of Soc. Sec.*, 2013 WL 5676254, at *13 (E.D. Mich. Sept. 13, 2013).

> Adjudicators must remember that a finding that a treating
> source medical opinion is not well-supported by
> medically acceptable clinical and laboratory diagnostic

techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

*Id.*

In the case at bar, the ALJ declined to give Dr. Sood's opinions significant weight because "the limitations identified by Dr. Sood are out of proportion with the remaining objective medical evidence contained in the record and there is nothing in Dr. Sood's own examination on [the date of the medical source statement] that would support such limitations." (Dkt. 12-2, Pg ID 57). These articulated reasons for rejecting Dr. Sood's opinions, standing alone, do not provide "good reasons" for not giving the opinions "controlling weight." *See Gayheart*, 710 F.3d at 376-77 (ALJ's finding that treater's opinion was "not well-supported by objective evidence" without identifying the purportedly inconsistent substantial evidence were not "good reasons" under the two-prong controlling weight test); *see also Dejaeghere v. Comm'r of Soc.Sec.*, 2017 WL 1196369, at *7 (E.D. Mich. March 31, 2017). The ALJ did not assess whether Dr. Sood's opinions were supported by medically acceptable clinical and laboratory

diagnostic techniques, nor did she identify with adequate specificity other substantial evidence in the case record that is inconsistent with Dr. Sood's opinions.

Even if a proper analysis of the record would not support giving controlling weight to the opinions of Dr. Sood, the ALJ's reasoning fails to justify giving those opinions less than significant weight. The ALJ does not specify record evidence which contradicts or undermines Dr. Sood's opinions regarding plaintiff's limitations, nor does she evaluate the other regulatory factors required for properly weighing medical opinions, such as length and extent of treatment history and treater's area of specialty. *See Gayheart*, 710 F.3d at 378; *see Allen*, 2013 WL 5676254, at *13; 20 C.F.R. §404.1527. Accordingly, the undersigned believes that the ALJ erroneously weighed the opinions of Plaintiff's treating physician, Dr. Sood.

Nevertheless, a violation of the good reasons rule may be "harmless error" if "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) ... even though she has not complied with the terms of the regulation." *Allen*, 2013 WL 5676254, at *14 (citing *Friend v. Comm'r of Soc. Sec.*, 375 Fed. Appx. 543, 551 (6th Cir. 2010)).

Here, despite affording Dr. Sood's opinions less than significant weight, the ALJ adopted Dr. Sood's postural restrictions (only occasional stooping, crouching or crawling) in the RFC. (Dkt. 12-7, Pg ID 416). Additionally, although not adopted as the weight restriction in the RFC, Dr. Sood's restriction to lifting and carrying ten pounds or less was presented as a hypothetical to the VE, who testified that, even with the more stringent lifting restriction, jobs plaintiff could perform existed in significant numbers within the national economy. (Dkt. 12-2, Pg ID 91-92); *see Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905-06 (6th Cir. 2016). Hence, adopting that portion of Dr. Sood's opinion would not have changed the ultimate determination of non-disability.

In fact, the only portion of Dr. Sood's opinion that is both inconsistent with the RFC and work preclusive is the box checked to indicate plaintiff would be off task 25% or more during a typical workday. (Dkt. 12-7, Pg ID 414). Statements by a treating physician that a claimant will be off task for a certain percentage of a workday are akin to opinions that a claimant is unable to work and thus "are entitled to no deference because the determination of disability is a matter left to the Commissioner." *See Morgan v. Commr. of Soc. Sec.*, 2016 WL 5402940, at *9 (E.D. Mich. July 15, 2016), report and recommendation adopted, 2016 WL 5369616 (E.D. Mich. Sept. 26, 2016); *see also, Stojic v. Comm'r of Soc. Sec.*, 2015 WL 9238986, at *4 (W.D. Mich. December 17, 2015) ("Here, Dr. Antinozzi's

predictions of how often Plaintiff would likely be off task were conjecture, not a medical opinion.").

In sum, Dr. Sood's medical opinions which arguably should have been given controlling weight, or at least deference, were either adopted by or consistent with the ALJ's RFC. His opinion predicting the percentage of time plaintiff would be off task on any given workday is conjecture, not medical opinion, and would be due no deference even if the ALJ had afforded the rest of the medical source statement controlling weight. *See Morgan*, 2016 WL 5402940, at *9. Accordingly, the ALJ's failure to articulate good reasons for discounting the opinions of Dr. Sood amount to harmless error and do not warrant remand.

### 2.     RFC Determination

As discussed in greater detail, *supra*, plaintiff's contention that the ALJ's RFC for light work is not supported by substantial evidence of record because plaintiff's treating physician unequivocally opined that plaintiff should never lift or carry anything weighing more than ten pounds is unavailing because the VE was presented with a hypothetical including this restriction and testified that even with such a restriction, jobs plaintiff could perform existed in reduced, but still significant, numbers in the national economy. (Dkt. 12-2, Pg ID 91-92); *see Taskila*, 819 F.3d at 905-06.

3.    Credibility Determination

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997).  But credibility assessments are not insulated from judicial review.  Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence.  *Id.*  An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.  "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"  *Id.*  "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree.  *Id.*

Further, to the extent that the ALJ finds that plaintiff's statements are not substantiated by the objective medical evidence in the record, the regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical

evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2),

416.929(c)(2). The ALJ must consider: (1) the claimant's daily activities, (2) the

location, duration, frequency, and intensity of the claimant's pain or other

symptoms, (3) precipitating and aggravating factors; (4) the type, dosage,

effectiveness, and side effects of any medication taken to alleviate pain or other

symptoms, (5) treatment, other than medication, for symptom relief, (6) any

measures used to relieve the symptoms, and (7) functional limitations and

restrictions due to the pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3),

416.929(c)(3); see also *Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994)

(applying these factors).

Here, the ALJ considered and discussed plaintiff's hearing testimony and

other subjective complaints in conjunction with the record evidence, and she

found that plaintiff's allegations were not entirely credible. (Dkt. 12-2, Pg ID 59).

In reaching this determination, the ALJ reasoned that the objective medical

evidence did not support plaintiff's allegations. (*Id.*) Additionally, the ALJ

pointed out plaintiff's daily activities, namely that plaintiff could prepare simple

meals, do light cleaning and laundry, as well as babysit for her young niece and

nephew, watch television and talk on the phone, which were not consistent with

her alleged limitations. (Dkt. 12-2, Pg ID 56). The ALJ also notes that plaintiff's

treatment has been largely successful in controlling the symptoms of her chronic

conditions. (Dkt. 12-2, Pg ID 59). The ALJ comments that plaintiff has received no treatment for anxiety from a mental health provider, despite her testimony claiming severe anxiety. (*Id*.) Thus, the ALJ's decision is sufficiently specific to make clear to plaintiff and to the Court the weight that she gave to plaintiff's statements and the reasons for that weight. The ALJ's assessment of plaintiff's credibility is supported by substantial evidence and should not be disturbed; plaintiff's motion should be denied in this regard.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, that the findings of the Commissioner be **AFFIRMED**, and that this matter be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 18, 2017          s/Stephanie Dawkins Davis
                               Stephanie Dawkins Davis
                               United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 18, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to counsel of record.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov